UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


JEFF E. WILSON,

                    Plaintiff,

vs.                                    Case No. 3:11-cv-698-J-34MCR


PAGE A. SMITH, et al.,

                    Defendants.
———————————————————————

## ORDER

**THIS CAUSE** is before the Court on the Report and Recommendation (Report) (Doc. #76), entered by the Honorable Monte C. Richardson, United States Magistrate Judge, on February 12, 2013.  In the Report, Magistrate Judge Richardson recommends that: (1) Plaintiff's claims for monetary damages (for alleged 42 U.S.C. § 1983 violations) from Defendants Smith, Howell, Belizaire, and Isra in their official capacities be dismissed; (2) Defendant Lord be dismissed as a Defendant; (3) Defendant Lohse's Motion to Dismiss Plaintiff's Amended Complaint and Motion for Summary Final Judgment (Doc. #48) be granted as to Plaintiff's Eighth Amendment claim and denied in all other respects; (4) Defendants Smith, Howell, and Belizaire's Motion to Dismiss (Doc. #53) be granted as to Plaintiff's Eighth Amendment claims against Smith and Belizaire

1

as well as Plaintiff's claims under the Americans with Disabilities Act (ADA) and section 504 of the Rehabilitation Act of 1973 (RA), and the Motion to Dismiss be denied in all other respects, except as to Plaintiff's claims for monetary damages from Defendants Smith, Howell, and Belizaire in their official capacities; (5) Defendant Isra's Motion for Summary Judgment (Doc. #63) be granted as to Plaintiff's Eighth Amendment claims and ADA/RA claims; (6) Plaintiff's Eighth Amendment claim against Defendant Howell be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B); (7) the Clerk be directed to enter Judgment in favor of Defendants Lohse and Isra and against Plaintiff; and (8) the Clerk be directed to close the file. See Report at 43-44.

On February 28, 2013, Plaintiff filed his Initial Objection to Report of United States Magistrate Judge and Request for an Additional Ten Days to File Affidavit in Opposition (Objections) (Doc. #78). In Wilson's Objections, he requests an additional ten days to "secure his affidavit contradicting the defendant's various allegations . . . ." Objections at 2. Wilson also states that he "has attempted to secure expert testimony to support his positions." Id. The record reflects that the Court advised Wilson of the provisions of Rule 56, Federal Rules of Civil Procedure, and gave him an opportunity to respond to Defendant Lohse's Motion to Dismiss the Plaintiff's Amended Complaint and Motion for Summary Final Judgment (Doc. #48), Defendants Smith, Howell, and

2

Belizaire's Motion to Dismiss (Motion to Dismiss) (Doc. #53), and Defendant Isra's Motion for Summary Judgment (Doc. #63). <u>See</u> Order (Doc. #20) at 4-5; Summary Judgment Notice (Doc. #65). Additionally, the Court generously granted an extension of time for Wilson to respond to Defendants' Motion to Dismiss. <u>See</u> Order (Doc. #69). Pursuant to the Court's Orders, Wilson ultimately responded and submitted his own declaration and exhibits in opposition to Defendants' motions. <u>See</u> Declaration of Jeff E. Wilson (Doc. #68); Plaintiff's Response Answering Defendant Lohse's Motion to Dismiss and/or Motion for Summary Judgment (Doc. #70); Plaintiff's Response Answering Defendants Smith, Howell, and Belizaire's Motion to Dismiss, Failure to Exhaust Administrative Remedies (Doc. #71); and Plaintiff's Response to Defendant Isra's Motion for Summary Judgment (Doc. #72).

Rule 56(d), Federal Rules of Civil Procedure, provides: "If a nonmovant shows by affidavit or declaration that, for specified reasons, [he] cannot present facts essential to justify [his] opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Having failed to show that Defendants' motions are not ripe for final disposition, Wilson has neither identified any discovery relevant to the summary judgment issues nor provided specific reasons why he needs additional time to oppose Defendants' motions and/or to

3

object to the Magistrate Judge's Report.  See United States v. Carter, Case No. 12-12923, 2013 WL 27626, at *6 (11th Cir. Jan. 2, 2013) (per curiam) (not selected for publication in the Federal Reporter); Shuler v. Bd. of Trustees of Univ. of Alabama, 480 F. App'x 540, 543 (11th Cir. 2012) (per curiam) (not selected for publication in the Federal Reporter) ("Shuler never filed a motion under Rule 56(d) and did not identify any discovery relevant to the grounds for summary judgment.  No amount of discovery would change the conclusion that the defendants are entitled to summary judgment on all claims.").  Given the record, Wilson had "ample opportunity to respond" to Defendants' motions and never expressed in his responses that he would need additional time to file a complete response.  See Dream Custom Homes, Inc., v. Modern Day Constr., Inc., 476 F. App'x 190, 193 (11th Cir. 2012).  Thus, Wilson's request for additional time to file an affidavit to oppose Defendants' motions and/or object to the Magistrate Judge's Report is due to be denied.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b).  If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings.  See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1).  However, the district court must review legal conclusions de novo.  See

Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at *1 (M.D. Fla. May 14, 2007).

Upon independent review of the file and for the reasons stated in the Magistrate Judge's Report, the Court will overrule the Objections, and accept and adopt the legal and factual conclusions recommended by the Magistrate Judge.

Accordingly, it is hereby

**ORDERED:**

1.    Plaintiff's Request for an Additional Ten Days to File Affidavit in Opposition (Doc. #78) is **DENIED.**

2.    Plaintiff's Objections to Report and Recommendation (Doc. #78) are **OVERRULED.**

3.    The Magistrate Judge's Report and Recommendation (Doc. #76) is **ADOPTED.**

4.    Plaintiff's claims for monetary damages (for alleged 42 U.S.C. § 1983 violations) from Defendants Smith, Howell, Belizaire, and Isra in their official capacities are **DISMISSED.**

5.    Defendant Lord is **DISMISSED** as a Defendant in this action.

6.    Defendant Lohse's Motion to Dismiss the Plaintiff's Amended Complaint and Motion for Summary Final Judgment (Doc. #48) is **GRANTED** as to Plaintiff's Eighth Amendment claim.  Otherwise, the motion is **DENIED.**

7.    Defendants  Smith,  Howell,  and  Belizaire's  Motion  to Dismiss  (Doc.  #53)  is  **GRANTED**  as  to  (a)  Plaintiff's  Eighth Amendment  claims  against  Smith  and  Belizaire,  (b)  Plaintiff's ADA/RA claims,  and  (c)  Plaintiff's  claims  for  monetary  damages  for alleged  §  1983  violations  from  Defendants  Smith,  Howell,  and Belizaire  in  their  official  capacities.   The  remaining  portion  of the Motion to Dismiss is **DENIED**.

8.    Defendant  Isra's  Motion  for  Summary  Judgment  (Doc.  #63) is **GRANTED** as to Plaintiff's Eighth Amendment and ADA/RA claims.

9.    Plaintiff's  Eighth  Amendment  claim  against  Defendant Howell  is  **DISMISSED**  as  frivolous  pursuant  to  28  U.S.C.  § 1915(e)(2)(B).

10.  The  Clerk  is  directed  to  enter  Judgment  in  favor  of Defendants Lohse and Isra and against Plaintiff.

11.  The Clerk is directed to close the file.

12.  The Clerk shall terminate any pending motions.

**DONE AND ORDERED** at  Jacksonville,  Florida,  this  5th  day  of March, 2013.

**MARCIA MORALES HOWARD**
United States District Judge

```
sc 3/5
c:
Jeff E. Wilson
Counsel of Record
```